UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE CANTU, | ) 1:12-cv-00239-SKO-HC |
| | ) |
| Petitioner, | ) ORDER DISMISSING THE PETITION FOR |
| | ) WRIT OF HABEAS CORPUS WITHOUT |
| | ) LEAVE TO AMEND (DOC. 1) |
| v. | ) |
| | ) ORDER DECLINING TO ISSUE A |
| JAMES D. HARTLEY, Warden, | ) CERTIFICATE OF APPEALABILITY |
| | ) |
| Respondent. | ) ORDER DIRECTING THE CLERK TO |
| | ) CLOSE THE ACTION |
| | ) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on April 9, 2012 (doc. 6).

Pending before the Court is the petition, which was filed on February 21, 2012. Petitioner alleges that he is an inmate of the Avenal State Prison (ASP), which is located within the Eastern District of California. He is serving a sentence of

1

fifteen years to life imposed by the Los Angeles Superior Court in 1984 for second degree murder.  Petitioner challenges a disciplinary finding made by the authorities at ASP that on July 16, 2009, Petitioner wilfully engaged in a riot there in violation of Cal. Code Regs., tit. 15, § 3005(d)(3).  Petitioner argues that he suffered a denial of due process of law because not all relevant evidence was considered, and consideration of relevant evidence would exonerate Petitioner.  Petitioner complains of the hearing officer's failure to consider various matters, including another inmate's having been charged on the basis of the same evidence; a report concerning an inmate named Reyes that was authored by Officer Lewis, who reported on a fight between inmates Reyes and Castro; and medical reports that showed that Petitioner suffered no injuries, whereas all participants in the riot suffered injuries.  Petitioner argues he was mistaken for one of the two fighting inmates.  (Pet. 1-4.)

Petitioner seeks to have the disciplinary finding reversed and expunged from his prison record as well to have ninety (90) days of earned behavior credit restored.  (Pet. 19.)

I. <u>Jurisdiction</u>

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997), <u>cert. denied</u>, 522 U.S. 1008 (1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court on the ground that the custody is in violation of

2

the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000).

Plaintiff claims that in the course of the proceedings resulting in the disciplinary finding, he suffered violations of his constitutional rights. Because violations of the Constitution are alleged, it is concluded that the Court has subject matter jurisdiction over the instant petition.

Petitioner names the warden of his institution of confinement and thus has named as a respondent a person who has custody of the Petitioner within the meaning of 28 U.S.C. § 2242 and Rule 2(a) of the Rules Governing Section 2254 Cases in the District Courts (Habeas Rules). See, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

Accordingly, this Court has jurisdiction over this action and over Respondent James D. Hartley, Warden of Avenal State Prison.

II.  Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts

supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient. Rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, the Court has reviewed the petition and exhibits, which include apparently complete documentation of the disciplinary proceedings and Petitioner's exhaustion of the administrative remedies available to him within the California Department of Corrections and Rehabilitation (CDCR). (Pet. 24-51.) It also includes the decisions of the Kings County Superior Court (KCSC) and the California Court of Appeal for the Fifth Appellate District (CCA) denying Petitioner's petition for writ of habeas corpus as well as the summary denial of Petitioner's habeas petition by the California Supreme Court (CSC). (Id. at

4

52-62.)

Other than Petitioner's denial of having participated in the riot, there do not appear to be any disputed material facts with respect to the disciplinary proceedings or the evidence underlying the finding. Petitioner has provided an apparently complete record of the proceedings in question and has set forth multiple arguments concerning the proceedings and the evidence. A sufficient record of the decisions of the state courts has been provided. It does not appear that further input from Petitioner or input from Respondent is necessary in order to consider the petition on its merits.

Accordingly, this Court will consider whether it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Habeas Rule 4; Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir.1998).

III.  Background

The only claim raised by Petitioner pertains to the evidence underlying the disciplinary finding. Thus, only the facts pertinent to Petitioner's particular due process claim will be summarized.

A rules violation report (RVR) of Correctional Officer W. Alexander stated that on the pertinent date, the officer observed Petitioner and inmate Castro participating in a riot in the dining hall by fighting. The inmates ignored orders to cease, and pepper spray was deployed to bring them under control. (Pet. 52, 24.) A portion of a crime incident report from the pertinent date concerning Correctional Officers Lewis and Deegan reflects

5

that inmates Castro and Reyes began fighting and ignored orders to cease; Officer Lewis hit them on the knees to control them, and other inmates began to fight; Officers Deegan and Alexander deployed blast dispersion grenades, and another officer deployed pepper spray. After contamination with the pepper spray, all participants in the riot complied with orders and got down on the floor. (Id. at 39.) A medical report showed that Petitioner's only injuries consisted of contact with pepper spray. (Id. at 27.)

Petitioner did not request the presence of Officer Alexander or any other witnesses at the hearing. (Id. at 24.) The hearing officer reported that the evidence presented at the hearing included the RVR, the crime incident report, and a medical report concerning the injuries sustained during the fight that day. (Id.) Further, other factors considered were 1) Petitioner's statement that he was not involved because Officer Deegan had him on the floor, and Deegan's report that he had witnessed Petitioner fighting with Castro; and 2) Petitioner's statement that he was sprayed with pepper spray only because he was in the vicinity but that he suffered no injuries that would indicate that he fought or had been hit in the leg by an officer's baton. The hearing officer found that Petitioner participated in the riot. (Id. at 24-25.)

IV. Standard of Decision and Scope of Review

Title 28 U.S.C. § 2254 provides in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless

6

the adjudication of the claim-

    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Clearly established federal law refers to the holdings, as opposed to the dicta, of the decisions of the Supreme Court as of the time of the relevant state court decision. Cullen v. Pinholster, - U.S. -, 131 S.Ct. 1388, 1399 (2011); Lockyer v. Andrade, 538 U.S. 63, 71 (2003); Williams v. Taylor, 529 U.S. 362, 412 (2000).  It is thus the governing legal principle or principles set forth by the Supreme Court at the pertinent time. Lockyer v. Andrade, 538 U.S. 71-72.

  A state court's decision contravenes clearly established Supreme Court precedent if it reaches a legal conclusion contrary to, or substantially different from, that of the Supreme Court or concludes differently on a materially indistinguishable set of facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000).  The state court need not have cited Supreme Court precedent or have been aware of it, "so long as neither the reasoning nor the result of the state-court decision contradicts [it]." Early v. Packer, 537 U.S. 3, 8 (2002).  A state court unreasonably applies clearly established federal law if it either 1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. Hernandez v.

7

Small, 282 F.3d 1132, 1142 (9th Cir. 2002); see, Williams, 529 U.S. at 407. An application of clearly established federal law is unreasonable only if it is objectively unreasonable; an incorrect or inaccurate application is not necessarily unreasonable. Williams, 529 U.S. at 410.

A state court's determination that a claim lacks merit precludes federal habeas relief as long as it is possible that fairminded jurists could disagree on the correctness of the state court's decision. Harrington v. Richter, 562 U.S. -, 131 S.Ct. 770, 786 (2011). Even a strong case for relief does not render the state court's conclusions unreasonable. Id. To obtain federal habeas relief, a state prisoner must show that the state court's ruling on a claim was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786-87. The standards set by § 2254(d) are "highly deferential standard[s] for evaluating state-court rulings" which require that state-court decisions be given the benefit of the doubt, and the Petitioner bear the burden of proof. Cullen v. Pinholster, 131 S. Ct. at 1398. Further, habeas relief is not appropriate unless each ground supporting the state court decision is examined and found to be unreasonable under the AEDPA. Wetzel v. Lambert, --U.S.--, 132 S.Ct. 1195, 1199 (2012).

The Petitioner bears the burden of establishing that the decision of the state court was contrary to, or involved unreasonable application of, the precedents of the United States Supreme Court. Lambert v. Blodgett, 393 F.3d 943, 970 n.16 (9th Cir. 2004); Baylor v.Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996).

8

In assessing under section 2254(d)(1) whether the state court's legal conclusion was contrary to or an unreasonable application of federal law, "review... is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 131 S. Ct. at 1398. Evidence introduced in federal court has no bearing on review pursuant to § 2254(d)(1). Id. at 1400. Further, 28 U.S.C. § 2254(e)(1) provides that in a habeas proceeding brought by a person in custody pursuant to a judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the burden of producing clear and convincing evidence to rebut the presumption of correctness. The last reasoned decision must be identified to analyze the state court decision pursuant to 28 U.S.C. § 2254(d)(1). Barker v. Fleming, 423 F.3d 1085, 1092 n.3 (9th Cir. 2005); Bailey v. Rae, 339 F.3d 1107, 1112-13 (9th Cir. 2003).

Here, the KCSC denied Petitioner's habeas petition because the disciplinary finding was supported by some evidence, including the reporting employee's observations, the medical report of injuries sustained by Petitioner and other participants, and the deployment of pepper spray. The Court reasoned that under the Fourteenth Amendment, some evidence was required to support a disciplinary finding, but a reviewing court may not re-weigh the evidence or entertain challenges to the credibility or weight of the evidence. (Id. at 52.) Next, the CCA denied Petitioner's petition with a citation to Superintendent v. Hill, 472 U.S. 445 (1985), the case limiting

due process review of the sufficiency of the evidence at prison disciplinary hearings to a determination that some evidence supported the finding. (Id. at 59.) The CCA determined that on the merits, Petitioner had not suffered a denial of due process. Finally, the California Supreme Court denied Petitioner's petition for writ of habeas corpus without any statement of reason or citation to authority. (Id. at 62.)

The CCA's decision was thus the last reasoned decision in which the state court adjudicated Petitioner's claim on the merits. See, Ylst v. Nunnemaker, 501 U.S. 797, 803-804 (1991); Taylor v. Maddox, 366 F.3d 992, 998 n.5 (9th Cir. 2004).

V. Due Process

A. Legal Standards

Procedural due process of law requires that where the state has made good time subject to forfeiture only for serious misbehavior, then prisoners subject to a loss of good time credits must be given advance written notice of the claimed violation, a right to call witnesses and present documentary evidence where it would not be unduly hazardous to institutional safety or correctional goals, and a written statement of the finder of fact as to the evidence relied upon and the reasons for disciplinary action taken. Wolff v. McDonnell, 418 U.S. 539, 563-64 (1974). Confrontation, cross-examination, and counsel are not required. Wolff, 418 U.S. at 568-70.

Further, where good-time credits are a protected liberty interest, the decision to revoke credits must be supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985). The Court in Hill stated:

> We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced...." United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S., at 106, 47 S.Ct., at 304. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. See ibid.; United States ex rel. Tisi v. Tod, 264 U.S. 131, 133-134, 44 S.Ct. 260, 260-261, 68 L.Ed. 590 (1924); Willis v. Ciccone, 506 F.2d 1011, 1018 (CA8 1974).

Id. at 455-56. The Constitution does not require that the evidence logically preclude any conclusion other than the conclusion reached by the disciplinary board; there need only be some evidence in order to ensure that there was some basis in fact for the decision. Id. at 457.

### B. Analysis

Although due process standards permit an inmate to present witnesses and documentary evidence when it does not threaten institutional safety or correctional goals, the decision is left to the sound discretion of the prison officials. Wolff v. McDonnell, 418 U.S. at 566; Ponte v. Real, 471 U.S. 491, 495 (1984). Here, the prison officials accepted Petitioner's waiver of witnesses. It thus appears that Petitioner's due process claim is limited to a challenge to the legal sufficiency of the evidence presented at the hearing.

With respect to the requirement that some evidence support the finding that Petitioner participated in a riot, this Court does not make its own assessment of the credibility of witnesses or re-weigh the evidence. The Court must, however, ascertain

11

that the evidence has some indicia of reliability and, even if meager, "not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." Cato v. Rushen, 824 F.2d 703, 704-05 (9th Cir. 1987) (quoting Superintendent v. Hill, 472 U.S. 445, 457 (1985)).

In Cato v. Rushen, 824 F.2d at 705, the court found that the Hill standard was not satisfied where the only evidence implicating the inmate was another inmate's statement that was related to prison officials through a confidential informant who had no first-hand knowledge of any relevant statements or actions by the inmate being disciplined and whose polygraph results were inconclusive. The court noted that in contrast, evidence evaluated and found to constitute "some evidence" supportive of various findings has included the report of a prison guard who saw several inmates fleeing an area after an assault on another inmate when no other inmates were in the area, Superintendent v. Hill, 472 U.S. 456-57; the statement of a guard that the inmate had admitted a theft to supplement his income, coupled with corroborating evidence, Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir. 1989); an inmate's admission and corroborating, circumstantial evidence, Crane v. Evans, 2009 WL 148273, *3 (N.D.Cal. Feb. 2, 2009); and an inmate's admission of having engaged in the violation plus an officer's report of having heard a recording of the offending conversation, Dawson v. Norwood, 2010 WL 761226, *1 (C.D.Cal. March 1, 2010).

Here, under the Superintendent v. Hill standard, the disciplinary finding was supported by some evidence. The state court applied the correct legal standards and concluded that the

RVR, crime incident report, and medical reports constituted some evidence in support of the disciplinary finding. The state court correctly declined to re-weigh the evidence, which bore some indicia of reliability and was not arbitrary. The state court decision that the finding was supported by some evidence and that Petitioner had received the process that was due was therefore not contrary to, or an unreasonable application of, clearly established federal law. Accordingly, it plainly appears from the petition and the attached exhibits that Petitioner is not entitled to relief.

Further, because this assessment is based on a complete record of the pertinent state administrative and judicial proceedings, granting leave to amend would be futile because Petitioner could not state facts to support a tenable due process claim. Accordingly, Petitioner's petition will be dismissed without leave to amend because it plainly appears that Petitioner is not entitled to relief.

VI.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or

that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of appeal ability.

///

///

VII. <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED without leave to amend because it plainly appears from the petition and attached exhibits that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2254; and

2) The Court DECLINES to issue a certificate of appealability; and

3) The Clerk is DIRECTED to close the case because this order of dismissal terminates the action in its entirety.

IT IS SO ORDERED.

**Dated:     April 30, 2012**               /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE